# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILLY JOE SANDERS, | ) |
| Plaintiff, | ) |
| | ) 2:13-cv-89 |
| v. | ) |
| WASHINGTON COUNTY *and* JOHN MICHAEL AARON *individually and in his capacity as a Washington County Police Detective/Officer*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) TO BE TREATED AS A RULE 56 MOTION FOR SUMMARY JUDGMENT (ECF No. 3) with brief in support (ECF No. 4) filed by Defendants Washington County and John Michael Aaron. Plaintiff Billy Joe Sanders filed a response and brief in opposition (ECF Nos. 11, 12); Defendants submitted a reply brief (ECF No. 16).

Apparently operating under a mutual understanding that this Court may convert Defendants' motion pursuant to Rule 12(d), the parties also thoroughly developed their positions through Defendants' concise statement of material fact (ECF No. 5), Plaintiff's counter-statement of material fact (ECF No. 14) and Rule 56(c) Affidavit (ECF No. 13), and their respective appendices (ECF Nos. 6, 15). *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). As a threshold matter, this Court must first decide whether to treat the Rule 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a Rule 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or are essential to a plaintiff's claim. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Appended to the briefs submitted by the parties are docket sheets, transcripts of proceedings and court orders. The Court will take judicial notice of those public records and will disregard all other materials extraneous to the Complaint. Therefore, the Court declines Defendants' invitation to convert the Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

## I. Background

As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party. The following background is drawn from the Amended Complaint, and the factual allegations therein are accepted as true for the purpose of this opinion.

A. Factual Background

In December of 2003, Plaintiff obtained title to real property located on Maplewood Drive in McMurray, Pennsylvania and made various improvements to the parcel in the following few years. Approximately four years after the purchase, the Washington County Tax Claim Bureau (the "Bureau") scheduled the sale of the Maplewood real estate owned by Plaintiff to recover payment for delinquent taxes. At the "tax upset sale" held on September 23, 2005, the

Bureau sold the property to Jambeth Investments over the objection of Plaintiff who avers that he tendered full payment of the outstanding taxes before the sale.

On October 26, 2005, Plaintiff filed a Petition in the Court of Common Pleas of Washington County in which he raised objections and/or exceptions to the tax sale. Before the court ruled upon the Petition, on January 12, 2006, Plaintiff listed the subject property for sale with Keller Williams Realty. Plaintiff claims to have informed the listing agent of the pending litigation, having filed a "seller's disclosure" in accordance with Pennsylvania law.

Months later, on April 28, 2006, Plaintiff entered into a sales agreement with another individual who sought to buy the subject property. On May 8, 2006, the Court of Common Pleas upheld the tax sale, and Plaintiff filed an appeal. Plaintiff avers that he continued to advise his real estate agent of the adverse rulings and the agent apparently directed him to proceed. According to the Complaint, the agent consistently advised Plaintiff that a title company was the final arbiter of the issue(s) related to his appeal.

Plaintiff avers that he ultimately proceeded with the sale "based upon independent professional advice and reliance upon other professionals such as the involved title company." ECF No. 1-2 at 5. Likewise, Plaintiff also notes that the sale occurred "based upon his reliance on his litigation position before the courts wherein he firmly believed the upset sale would be set aside." *Id.* The closing occurred in May of 2006.

The following month, the Commonwealth Court of Pennsylvania entered an order upon request of Jambeth that dismissed the appeal. Understandably, the court ruled that Plaintiff lacked standing to maintain the appeal after he had disposed of the property.

Two years after Plaintiff divested himself of his interest in the real property, Washington County Detective John Michael Aaron arrested and charged Plaintiff with various crimes in

connection with the sale. Those charges included (1) Theft by Unlawful Taking—Immovable Property, (2) False Swearing; (3) Theft by Deception—False Impression; (4) Secure Execution Documents by Deception; and (5) Theft by Unlawful Taking—Movable Property.

The charges were later nol prossed at a January 21, 2011 hearing, but the Complaint is completely silent on the circumstances or basis upon which Plaintiff obtained that order. Despite that pleading error, Plaintiff later submitted an undisputed hearing transcript in which he acknowledges that the entry of the nolle prosequi order was conditioned upon the payment of costs and the release of funds. *See* ECF No. 15-5. The Court takes judicial notice of that hearing.

B. <u>Procedural History</u>

Plaintiff initiated this action by the filing of a two-count Complaint in the Court of Common Pleas of Washington County, Pennsylvania on January 4, 2013 in which he alleges that Defendants violated his constitutional rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution. Although the Complaint is hardly a model of clarity, Plaintiff appears to allege a *Monell* claim against Defendant Washington County at Count One and a cause of action at Count Two for malicious prosecution and/or false arrest and/or malicious abuse of process against Defendant John Michael Aaron in his individual and personal capacity.

Defendants filed a Notice of Removal in this Court on January 16, 2013 and a Motion to Dismiss/Motion for Summary Judgment on February 5, 2013.

The issues have been fully briefed, and the matter is ripe for disposition. For the reasons that follow, the Court will grant Defendants' motion to dismiss.

4

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*,

556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff

6

can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### III. Discussion

Defendants have set forth three arguments in support of their motion. First, Defendants contend that the claim for malicious prosecution must fail because Plaintiff cannot satisfy the favorable outcome of the underlying prosecution prong which is necessary to maintain such a cause of action. Second, Defendants purport that any claim arising out of the alleged false arrest is barred by the applicable statute of limitations. Third, Defendants maintain that the *Monell* claim otherwise fails to meet the federal pleading standards. The Court will address each of these positions seriatim.

    A. <u>Malicious Prosecution Claim Against Defendant Aaron</u>

Plaintiff's federal claim(s) against Defendant Aaron in this action are based on 42 U.S.C. § 1983, which provides civil remedies against any person who, under color of state law, deprives another person of rights protected by the United States Constitution. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Section 1983 does not, by itself, confer any substantive rights, but rather serves as a vehicle to enforce rights granted under the Constitution

or federal law. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Accordingly, to state a claim under § 1983, a plaintiff must "prove a violation of the underlying constitutional right." *Daniels v. Williams*, 474 U.S. 327, 330 (1986).

To prevail on a Fourth Amendment malicious prosecution claim under § 1983, a plaintiff is required to establish that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (citation omitted). The first four elements are the same under Pennsylvania law. *Id.* at n.2 (citation omitted). Defendants argue that the favorable termination element is fatal to Plaintiff's case, and the Court agrees.

Fairly recently, the United States Court of Appeals for the Third Circuit explained that a "prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." *Kossler*, 564 F.3d at 187 (citation omitted). To make this showing, a plaintiffs must demonstrate one of the following: (a) a discharge by a magistrate at a preliminary hearing; (b) the refusal of a grand jury to indict; (c) the formal abandonment of the proceedings by the public prosecutor; (d) the quashing of an indictment or information; (e) an acquittal; or (f) a final order in favor of the accused by a trial or appellate court." *Id.* at 187-88. Applying these standards, district courts have dismissed complaints that lack any information indicating a plaintiff's innocence. *See, e.g.*, *Knight v. Carmike Cinemas*, CIV.A. 11-280, 2011 WL 3665379 (D. Del. Aug. 22, 2011); *Dennis v. Evans*, Civ. A. No. 1:09–0656, 2011 WL 900911 (M.D. Pa. Feb. 2, 2011), *report and recommendation adopted by*, 2011 WL 901187 (M.D. Pa. Mar. 14, 2011).

Here, the reference in the Complaint to the nol pross of the charges brought by Defendant Aaron against Plaintiff also lacks any information indicating his innocence or describing the factual circumstances relative to the dismissal of the charges. Plaintiff instead declares his opinion that "the statute of limitations may have run on those charges," an averment the Court highly doubts. *See* 42 PA. CONS. STAT. ANN. § 5552 (setting forth the applicable statute of limitations for the crimes charged). While the Court recognizes that Plaintiff attempts to remedy his insufficient pleading in his brief and supportive filings, it is black letter law that when ruling on a motion to dismiss, the Court is constrained to look only at the allegations of the Complaint and those materials properly subject to judicial notice. *See, e.g., Lay v. Hixon*, CIVA 09–0075–WS–M, 2009 WL 825814 (S.D. Ala. Mar. 26, 2009) (noting "it is black-letter law that a court's review on a motion to dismiss is limited to the four corners of the complaint") (citation and quotation marks omitted); *see also Snyder v. Baxter Healthcare, Inc.*, 393 Fed. App'x. 905, 907 n. 4 (3d Cir. 2010) ("[A] motion to dismiss attacks claims contained by the four corners of the complaint.").

The Court also highlights that although the formal abandonment of the proceedings by the public prosecutor may satisfy the requisite element of a favorable termination, a relevant limitation exists: "if the prosecutor drops the charges as part of a compromise with the accused, the accused will fail the favorable termination prong necessary to maintain a malicious prosecution claim under § 1983." *Taylor v. Winters*, 115 F. App'x 549, 552 (3d Cir. 2004) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 580 (3d Cir. 1996)). While Plaintiff argues that no record evidence demonstrates that his case fits within this limitation and that discovery is necessary to uncover the facts surrounding the nol pros, he is mistaken. Plaintiff's very own filing with this Court reveals the following:

MR. SCHNEIDER [the Assistant District Attorney]: The only thing we would need, we can nol pros the charges today. I think he would still maybe owe costs.

THE COURT: Nol prossed upon his payment of the costs?

MR. SCHNEIDER: I would need an order releasing from Washington Tax Claim Bureau in the amount of $5,945.13 to Blumling & Gusky, LLP.

THE COURT: Those are the victims? Just pursuant to this case, a release of funds directing the Tax Claim Bureau to transfer those funds to Blumling [&] Gusky. That's with the agreement of Mr. Sanders?

MR. SANDERS: That's correct.

THE COURT: You're acknowledging that request and are acceding to that request knowingly, willing and voluntarily as a term and condition of settlement of the underlying charges?

MR. SANDERS: Yes.

THE COURT: The Court will grant the Commonwealth's motion to nol pros upon your payment of the costs and upon your acknowledgement that those funds that were frozen be released to Blumling & Gusky. Correct?

MR. SANDERS: Yes.

THE COURT: So ordered.

ECF No. 15-5 at 3-5. The Court takes judicial notice of this proceeding, noting that a review of the uncontroverted record from the Court of Common Pleas hearing indicates that all charges were dropped as part of a compromise with Plaintiff. Accordingly, Plaintiff fails the favorable termination prong necessary to maintain a malicious prosecution claim, and the Court will dismiss this claim with prejudice and without leave to amend, as it would be futile.

B. Malicious Abuse of Process Against Defendant Aaron

Although Plaintiff does not specify what cause of action he is intending to set forth in Count Two, Defendants treat it as pleading a claim for false arrest and for malicious abuse of

process in addition to the malicious prosecution claim. Defendants argue that the applicable two-year statute of limitations bars the Plaintiff from pursuing these additional theories.

Plaintiff readily admits that the Complaint "does not clearly spell out that [he], in addition to filing a claim for malicious prosecution, also inartfully pleaded a claim for malicious abuse of process." ECF No. 12 at 11-12. Plaintiff does not mention false arrest but instead seeks leave to amend his Complaint to add a claim for malicious abuse of process.

"A section 1983 claim for false arrest accrues on the date of the arrest, as does a section 1983 claim for abuse of process, because on that date a plaintiff would have reason to know of the injury which those two torts encompass." *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989) (citation and quotation marks omitted); *see, e.g.*, *Mitchell v. Guzick*, 138 Fed. App'x 496, 501 (3d Cir. 2005) ("In *Rose*, we noted that an abuse of process claim accrues when the plaintiff first discovers his or her injury—typically the date that the plaintiff is arrested or the untoward threats are made.") (citation omitted). Section 1983 does not include an applicable statute of limitations by its own terms. Rather, the Supreme Court of the United States instructs that "because claims under § 1983 are, in essence, claims for personal injury, the several states' statutes of limitations applicable to personal injury claims control actions under § 1983." *Mitchell v. Guzick*, 138 Fed. App'x 496, 501 (3d Cir. 2005) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). The limitations period for personal injury actions under Pennsylvania law is two years. *See* 42 PA. CONS. STAT. ANN. § 5524. Thus, the limitations period for civil rights actions in Pennsylvania under 42 U.S.C. § 1983 is also two years.

Under the circumstances of this matter, any claim for malicious abuse of process or false arrest is time-barred. Plaintiff's arrest occurred on May 31, 2008, and he waited until January 4, 2013 to file his Complaint in the Court of Common Pleas of Washington County, well beyond

the applicable two-year period. Accordingly, the Court will dismiss these claims to the extent that either is actually pleaded and will not grant Plaintiff leave to amend as it would be futile.

### C. *Monell* Claim Against Defendant Washington County

Plaintiff also pleads a claim for supervisory liability on a failure to train theory at Count One. *See* ECF No. 1-2 at 7-10; *see also* ECF No. 12 at 17 ("The Complaint, at present Count One, sets forth the required cause of action, namely a failure to train and supervise . . . ."). Defendants argue that the Court should dismiss this cause of action based on the inadequacy of the Complaint under federal pleading standards. While the Court agrees with Defendants' characterization, Count One also fails as a matter of law.

Axiomatically, Plaintiff cannot establish *Monell* liability against Defendant Washington County based on the theories presented absent an underlying constitutional violation. *See Verbanik v. Harlow*, CIV.A. 09-448, 2012 WL 4378198, *9 (W.D. Pa. Sept. 25, 2012) *aff'd*, 12-3887, 2013 WL 310237 (3d Cir. Jan. 28, 2013) ("Of importance, however, is that the absence of an underlying constitutional violation precludes any supervisory liability on a 'knowledge or acquiescence' or 'failure to train' theory.") (citations omitted); *c.f. Stiegel v. Peters Twp.*, 2:12-CV-00377, 2012 WL 3096663, *6 (W.D. Pa. July 30, 2012) ("It is black letter law that without an underlying constitutional violation, Plaintiff cannot as a matter of law establish any *Monell* liability."). The Court already ruled that there is no underlying constitutional violation by the individual officer, and therefore, it will dismiss Count One and will not grant Plaintiff leave to amend as it would be futile.

## IV. Conclusion

Based on the foregoing reasons, Defendants' motion to dismiss will be granted and the motion for summary judgment will be denied. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILLY JOE SANDERS,<br><br>                            **Plaintiff,**<br><br>                                v.<br><br>**WASHINGTON COUNTY**<br>*and* **JOHN MICHAEL AARON**<br>*individually and in his capacity as a Washington County Police Detective/Officer*,<br><br>                            **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   2:13-cv-89 |

## ORDER OF COURT

AND NOW, this 22nd day of March 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) TO BE TREATED AS A RULE 56 MOTION FOR SUMMARY JUDGMENT (ECF No. 3) is **GRANTED IN PART AND DENIED IN PART** as hereinabove stated. The Clerk shall docket this case closed.

                                                                                   BY THE COURT:

                                                                                   s/Terrence F. McVerry
                                                                                    United States District Judge

cc:      **Herbert A. Terrell, Esquire**
           Email: haterrell@justice.com

           **Patricia A. Monahan, Esquire**
           Email: Pamonahan@mdwcg.com