# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BILLY JOE SANDERS,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) 2:13-cv-89<br>) |
| v. | )<br>)<br>) |
| **WASHINGTON COUNTY**<br>*and* **JOHN MICHAEL AARON**<br>*individually and in his capacity as a Washington*<br>*County Police Detective/Officer*, | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

## MEMORANDUM ORDER

Pending before the Court is the PLAINTIFF'S MOTION TO ALTER JUDGMENT AND SEEKING RECONSIDERATION OF THE ORDER DISMISSING THE COMPLAINT (ECF No. 20) filed by Billy Joe Sanders with brief in support (ECF No. 21). Defendants Washington County and John Michael Aaron filed a brief in opposition (ECF No. 22). Accordingly, the motion is ripe for disposition.

### I.     Background

The parties and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at any length again. *See* ECF No. 19. The following is only a brief recitation of the procedural history salient to the issues presently before the Court.

Plaintiff initiated this action by the filing of a two-count Complaint in the Court of Common Pleas of Washington County, Pennsylvania on January 4, 2013 in which he alleges that Defendants violated his constitutional rights as protected by the Fourth and Fourteenth

Amendments of the United States Constitution.[1] Defendants filed a Notice of Removal in this Court on January 16, 2013 and a Motion to Dismiss/Motion for Summary Judgment on February 5, 2013.

By Memorandum Opinion and Order dated March 22, 2013, the Court dismissed the case with prejudice and without leave to amend. To briefly summarize, the Court dismissed the Complaint in its entirety, concluding that the Plaintiff failed to satisfy the favorable termination element necessary for a viable malicious prosecution claim because records and transcripts subject to judicial notice indicated that the state criminal charges were nol prossed as part of a comprise with the accused and that statute of limitations had run on the malicious abuse of process and/or false arrest claims. Accordingly, the Court dismissed the *Monell* claim against Defendant Washington County based on the absence of an underlying constitutional violation.

The instant motion followed. For the reasons that follow, the Court will deny Plaintiff's request to reconsider or alter its previous ruling.

## II. Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment

---

1. In the Court's March 22, 2013 Memorandum Opinion, it noted that "[a]lthough the Complaint is hardly a model of clarity, Plaintiff appears to allege a *Monell* claim against Defendant Washington County at Count One and a cause of action at Count Two for malicious prosecution and/or false arrest and/or malicious abuse of process against Defendant John Michael Aaron in his individual and personal capacity." ECF No. 19 at 4.

was granted. *See id.* Motions for reconsideration are also not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

### III. Discussion

Plaintiff now seeks reconsideration, arguing that the Court "failed to fully consider the nature or substance of the prior in time criminal court dismissal." ECF No. 20 at 2. In support, Plaintiff submits a transcript from a Washington County Court of Common Pleas criminal proceeding—one of many transcripts Plaintiff previously filed with this Court when opposing the motion to dismiss. *See* ECF No. 15-4. Plaintiff cites this transcript as evidence that the Court misapprehended the facts of the matter; this is, the district attorney's office actually "refused to accept any negotiated or settlement plea in favor of the alleged victims" contrary to the Court's reading of the events. Thus, as Plaintiff reasons, the Court failed to "harmonize" this public record evidence with the transcript cited in the Memorandum Opinion.

Defendants' response argues that the motion sets forth no basis for reconsideration or alteration of the judgment. To Defendants, the transcript appended to Plaintiff's motion simply does not change the fact that a transcript of a later court proceeding reveals that Plaintiff entered into an agreement in exchange for the entry of nol pros. Thus, as Defendants conclude, Plaintiff motion is nothing other than an attempt to reargue matters already litigated and ruled upon. The Court agrees.

Plaintiff has presented no extraordinary circumstances or argument which meet the high standard to justify reconsideration, such as an intervening change in controlling law, new evidence, a clear error or law, or manifest injustice. Rather, Plaintiff simply disagrees with the Court's reading of the submitted record evidence and advances the same arguments made in earlier filings with regard to the favorable termination element. Those positions were previously

given due consideration, but not credited by the Court. Indeed, fatal to Plaintiff's pending motion, nothing substantive has been supplemented to the record, and therefore, the Court finds that the arguments raised in the motion do not warrant further analytical discussion.

Based on the foregoing reasons, the PLAINTIFF'S MOTION TO ALTER JUDGMENT AND SEEKING RECONSIDERATION OF THE ORDER DISMISSING THE COMPLAINT (ECF No. 20) is **DENIED**.

So **ORDERED** this 3rd day of May, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Herbert A. Terrell, Esquire**
Email: haterrell@justice.com

**Patricia A. Monahan, Esquire**
Email: Pamonahan@mdwcg.com